UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAZZMINE MILLER** | **CIVIL ACTION NO.: 19-CV-1423** |
| **VERSUS** | **JUDGE:** |
| **FREEWAY INSURANCE SERVICES AMERICA, LLC D/B/A USAGENCIES** | **MAGISTRATE:** |

## COMPLAINT UNDER 29 U.S.C. § 216(b)

The Complaint of Jazzmine Miller, a major domiciled in Calcasieu Parish, Louisiana, who respectfully represents that:

1.

Made defendant herein is Freeway Insurance Services America, LLC d/b/a USAgencies ("USAgencies"), a foreign limited liability company authorized to do business in the State of Louisiana, which may be served through its agent for service of process, Corporation Service Company, 501 Louisiana Avenue, Baton Rouge, Louisiana, 70802.

2.

USAgencies operates and conducts business in, among others, parishes within this judicial district and the alleged conduct occurred within this judicial district. Therefore, this claim is within the jurisdiction of this Court.

3.

The plaintiff brings this action against USAgencies for unpaid overtime compensation, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"). This Court has jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. § 1331 and the FLSA.

4.

This action is brought under the FLSA to recover from USAgencies overtime compensation, liquidated damages, and reasonable attorney fees and costs.

5.

At all material times relevant to this action, USAgencies was an "employer" and an "enterprise" covered by the FLSA and as defined by 29 U.S.C. § 203.

6.

At all material times relevant to this action, USAgencies failed to comply with 29 U.S.C. §§ 201-209, because the plaintiff performed services for USAgencies for which no provisions were made by USAgencies to properly pay the plaintiff for all hours worked, including those hours worked in excess of 40 within a work week.

7.

Plaintiff Jazzmine Miller was employed as a salesperson with USAgencies from October 2017 through July 2019. In her employment, the plaintiff performed general sales duties and related activities for USAgencies primarily at one of its sales offices located at 3303 Ryan Street, Lake Charles, Louisiana 70601.

8.

Beginning in about December, 2017, USAgencies required the plaintiff to clock out when her shift was supposed to be completed, but the plaintiff was thereafter required to continue working after she had clocked out. The plaintiff was not paid for any hours worked after clocking out, nor was she paid time and one-half her regular rate of pay for the hours worked in excess of 40 hours per work week during one or more work weeks.

9.

The plaintiff was entitled to be paid for all time worked for USAgencies, including time and one-half her regular rate of pay for each hour worked in excess of 40 hours per work week.

10.

The records, to the extent any exist, concerning the number of hours worked, amounts paid to the plaintiff, and other information relevant to the allegations of this Complaint, are in the possession and custody of USAgencies, which as an employer is required to maintain such records pursuant to 29 C.F.R. Part 516.

11.

As a result of USAgencies' intentional, willful, and unlawful acts in requiring the plaintiff to clock out and continue working after her shift was supposed to be completed, and in refusing to pay the plaintiff for all such hours worked, including time and one-half her regular rate of pay for each hour worked in excess of 40 hours per work week in one or more work weeks, the plaintiff has suffered damages and is incurring reasonable attorney's fees and costs.

12.

Pursuant to 29 U.S.C. § 216(b), as a result of USAgencies' willful violation of the FLSA, the plaintiff is entitled to all unpaid wages, as well as an additional equal amount as liquidated damages, plus reasonable attorney's fees and costs of this action.

**WHEREFORE**, Plaintiff Jazzmine Miller demands that, after due proceedings are had, there be judgment against Defendant Freeway Insurance Services America, LLC d/b/a USAgencies for the payment of all hours that she worked for which the defendant did not properly compensate her, for the payment of all overtime hours worked at one and one-half the regular rate of pay for the hours worked by her for which the defendant did not properly

compensate her, liquidated damages, reasonable attorney fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

          Respectfully submitted:

Simien & Simien, L.L.C.
Attorneys and Counselors at Law
7908 Wrenwood Boulevard
Baton Rouge, Louisiana 70809
Telephone:   (225) 932-9221
FAX:   (225) 932-9286


       /s/Roy Bergeron, Jr.
By:   Eulis Simien, Jr. (T.A.), Bar # 12077
       Jimmy Simien, Bar # 1598
       Roy Bergeron, Jr., Bar # 33726